34566. HENRY, Transferee, *v.* COWAN *et al.*

DECIDED JUNE 10, 1953—REHEARING DENIED JULY 7, 1953.

*Phillips, Johnson & Williams,* for plaintiff in error.

*Gaines & DeGive,* contra.

GARDNER, P. J.  1.  We will deal first with exceptions pendente lite and with the evidence which was admitted, over objections, with reference to the allegations of the answer regarding the question of an agreement to sell the property to the corporation through its president, the plaintiff.  It is conceded by counsel for the plaintiff that the exceptions pendente lite, based on the special demurrer of the plaintiff to the allegations with reference to the proposed sale by the defendants to the plaintiff, and the evidence which the court admitted, over objections, concerning the same subject matter, should be treated together.  Counsel for the plaintiff do so in the brief, and we will follow their suggestions here.  It must be kept in mind as we go along that the only contention of the plaintiff is that the levy was excessive. If the levy was excessive, the sale conveyed no title.  It occurs to us that, since counsel for the plaintiff have abandoned the general grounds as to count one, they have to all intentions and purposes, admitted that according to the evidence the levy was not excessive.  If the levy was not excessive, then just how could the contentions in the exceptions pendente lite and the evidence admitted with reference to what took place between the plaintiff, as president of the corporation, and the defendants shortly after the sale and after the property purchased had been moved from the corporation's place of business to that of the defendants, work harm to the plaintiff?  Since the main issue, as contended by the plaintiff, and contested by the defendants, was on the sole point of excessiveness of the levy, the allegations of the answer that the plaintiff desired to purchase the property back for $800, and that the defendants in that same connection offered to sell it to the plaintiff for $900, would be relevant to establish the value of the property at the time of the levy, the conversion taking place so soon thereafter.  The excessiveness of a levy is determined by the value of the property at the time of the levy. This is true notwithstanding that a plaintiff in a proper trover

action may recover the highest proven value of the property from the date of the conversion to the date of the trial. The plaintiff argues that he was not estopped from asserting title as alleged in his petition. We do not understand that any such contention was advanced by the defendants in the pleadings or in the evidence to this effect. Neither the allegations of the answer nor the evidence sought to inject a defense ex contractu against the trover action, sounding in tort. We find no reversible error for any reason assigned as to count one of the petition.

2. We come next to consider whether the evidence in the record is sufficient to sustain the verdict in favor of the defendants on count three. The plaintiff contends that in this count the items set forth hereinbefore were never levied upon by the sheriff nor sold by him. It was set up in the answer that all of such items except "One set of chuck collets [value] $96.80; One set of lathe dogs 1/2 to 1 1/2″ [value] 6.48; One set of turning tool holders and bits [value] 16.92," were attachments and accessories of the LeBlond lathe machine. All of the items mentioned in the petition were shown by evidence of the defendants to be either attachments or accessories to the LeBlond lathe machine, including the last three items mentioned. It was also set up in the answer that they were attached to the lathe machine or in a box underneath it, and that all of them were attachments and accessories to the lathe machine. There was no objection to the introduction of evidence with reference to these three items not mentioned in the defendant's pleadings. The sheriff's levy showed that the lathe machine and all accessories thereto were levied upon by him. When we take the whole record into consideration, it is our opinion that there was sufficient evidence to sustain the verdict in favor of the defendants. We are not unmindful of the fact and the law that property not levied upon under a fi. fa. cannot be sold. Counsel for the plaintiff cite many decisions to this effect. This was a sharp issue before the jury, that is, whether the items set out in count three were levied upon by the sheriff and sold as attachments and accessories to the LeBlond lathe machine.

There is no assignment of error on the charge of the court (and the charge is not a part of the record). While this is true, it is presumed that the trial court charged the jury fully upon the

law applicable to the evidence on an essential defense. Counsel for the defendants sets forth in his brief his contentions as to the law on this issue, and counsel for the plaintiff do not deny the correctness of the charge on this point as a correct principle of law. We have read the contentions of the defendants as to this principle, and we find it is a correct one under the allegations in count three and the evidence introduced in support thereof.

In view of the whole record pertaining to count three of the petition, the contention of the plaintiff that the verdict is without evidence to support it is not meritorious. The court did not err in any respect regarding the exceptions pendente lite, the admission of the evidence, nor in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*